## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VASANTH GERALD SIMON,** | : | **CIVIL ACTION** |
| | : | **NO. 21-0552** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA HIGHER** | : | |
| **EDUCATION ASSISTANCE** | : | |
| **AGENCY (PHEAA),** | : | |
| | : | |
| **Defendant,** | : | |

## MEMORANDUM

Kenney, J.                                                               October 12, 2021

### I.    INTRODUCTION

This matter comes before the Court on the Pennsylvania Higher Education Assistance Agency's ("Defendant") Motion to Dismiss Vasanth Gerald Simon's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7.

### II.    FACTS[1]

Plaintiff filed a Complaint in the United States District Court for the Eastern District of Pennsylvania claiming that repayment of his student loans to Defendant would cause an undue hardship and that the remaining balance of his loan should be canceled under 11 U.S.C § 523(a)(8). ECF No. 1. Plaintiff asserts that he is unable to pay the remaining balance of his

---

[1] The Court "accept[s] as true all allegations in Plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [ ] construe[s] them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). The Court draws the following facts from the Complaint and the attached exhibits. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complaint's claims are based upon these documents.").

student loans because of his mental health conditions which allegedly prevent Plaintiff from working. *Id.* In support of this assertion, Plaintiff attached medical records to his Complaint which indicate he suffers from paranoia, anxiety, and isolation. *Id.* Plaintiff also included his 2018 and 2019 U.S. Individual Income Tax Returns which reflect his low-income status.[2] ECF No. 1.

In its Motion, Defendant argues that Plaintiff's suit is improper because Plaintiff has not filed for bankruptcy. ECF No. 7. Defendant does not dispute that Plaintiff has student loans serviced by the Pennsylvania Higher Education Assistance Agency ("PHEAA"). *Id.* Rather, Defendant asserts that Plaintiff "has failed to follow the requisite procedural and substantive steps required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure to have his student loans properly discharged for undue hardship." *Id.* Thus, Defendant argues Plaintiff's claim is not properly before this Court and should be dismissed. *Id.*

III.    **JURISDICTION AND STANDARD OF REVIEW**

The Court has jurisdiction over this matter under 28 U.S.C. § 1331 as it arises under the laws of the United States. Moreover, district courts have original jurisdiction over bankruptcy proceedings. 28 U.S.C. § 1334.

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234

---

[2] Plaintiff's tax returns show his annual income for 2018 and 2019 was under $2,000 each year.

(3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, "[a] pleading that offers 'labels and conclusions' ... will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned the law by name. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244, 58 V.I. 691 (3d Cir. 2013). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520–21); *see also Bacon v. Minner*, 229 F. App'x. 96, 100 (3d Cir. 2007).

## IV.   DISCUSSION

### A.  Plaintiff Failed to Satisfy the Procedural Requirements to Discharge his Student Loans under 11 U.S.C. Section 523(a)(8)

Defendant argues that Plaintiff has "neither filed a bankruptcy proceeding nor adversary proceeding in an appropriate Bankruptcy Court." ECF No. 7. In order to have student loans discharged, the debtor must file a petition for bankruptcy and initiate an adversary proceeding the in the relevant bankruptcy court to determine the dischargeability of his or her student loans under the undue hardship standard set forth in 11 U.S.C. § 523(a)(8). *See* Fed. R. Bankr. 7001(b); *see also* Student-Loan Discharge--An Empirical Study of the Undue Hardship Provision Of § 523(a)(8) Under Appellate Review, 30 EMORY BANKR. DEV. J. 147, 162 (2013); *In Some Cases, You Can Have Your Federal Student Loan Discharged After Declaring Bankruptcy*, FED. STUDENT AID, https://studentaid.gov/manage-loans/forgiveness-

cancellation/bankruptcy (last visited Sep. 27, 2021) ("You must declare Chapter 7 or Chapter 13 bankruptcy and demonstrate that repayment would impose undue hardship on you and your dependents. This must be decided in an adversary proceeding in bankruptcy court.").

There is no indication in Plaintiff's Complaint that he has filed for bankruptcy. *See* ECF No. 1. Plaintiff also has not commenced an adversarial proceeding in bankruptcy court. Defendant correctly argues that Plaintiff failed to "file the requisite adversary complaint with notice to the creditor in accordance with the Federal Rules of Bankruptcy Procedure." ECF. No. 7; *see also* Fed. R. Bankr. 7003 ("Rule 3 F.R.Civ.P. applies in adversary proceedings."). Thus, Plaintiff has not complied with the procedural requirements of the Federal Rules of Bankruptcy to bring a claim under 11 U.S.C. § 523(a)(8). *See* Fed. R. Bankr. 7001(6).

### B. Plaintiff Failed to Plead Facts Sufficient to State a Claim under 11 U.S.C. Section 523(a)(8)

Even if Plaintiff had satisfied the procedural requirements, his claim would fail for substantive reasons. The provision of the Bankruptcy Code governing discharge of student loans reads:

> A discharge under section 727. . . of this title does not discharge an individual debtor from any debt. . . unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor. . . for. . . an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or . . . an obligation to repay funds received as an educational benefit, scholarship, or stipend; or . . . any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

11 U.S.C. § 523(a)(8). Although student loans are presumptively nondischargeable, Plaintiff contends that his debts can be discharged under the Bankruptcy Code's "undue hardship exception." *See* ECF No. 1.

Section 523(a)(8) "is not self-effectuating. Rather, it requires the debtor to bring an adversary proceeding to determine whether a student loan debt is dischargeable under that provision." *In re Kahl,* 240 B.R. 524, 530 (Bankr. E.D. Pa. 1999); *see also In re Miller*, No. 06-1082, 2006 WL 2361819, at *3 (Bankr. W.D. Pa. Aug. 14, 2006). "[S]tudent loan debts are not dischargeable in bankruptcy absent a showing of 'undue hardship' within meaning of that provision." *In re Kahl*, 240 B.R. at 529 n.7.

The Third Circuit has adopted the three-pronged test for "undue hardship" formulated by the Second Circuit in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987). *See In re Faish*, 72 F.3d 298, 306 (3d Cir. 1995). The Brunner test requires debtors seeking to discharge their student loans to prove that:

> (1) based on current income and expenses, the debtor cannot maintain a "minimal standard of living for herself and her dependents if forced to repay the loans;
> (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and
> (3) the debtor has made a good faith effort to repay the loans.

*Id*. at 304–05 (quoting *Brunner*, 831 F.2d at 396). The debtor bears the burden of proof with regard to each prong of the test by a preponderance of the evidence. *In re Flickinger-Luther*, 462 B.R. 157, 161 (Bkrtcy. W.D. Pa. 2012) (citing *Brightful v. Pa. Higher Educ. Assistance Agency* (*In re Brightful*), 267 F.3d 324. 327 (3d Cir. 2001)).

In regard to the first prong, a "minimal standard of living" requires more than a showing of tight finances. *In re Armstrong*, 394 B.R. 43, 52 (Bkrtcy. M.D. Pa. 2008) (citing *Faish*, 72 F.3d at 306). However, the "minimal" standard of living also does not require the debtor to live in a state of poverty. *In re Flickinger-Luther*, 462 B.R. at 161 (citing *Alston v. United States Dep't of Educ.* (*In re Alston*), 297 B.R. 410, 415 (Bankr. E.D. Pa. 2003)). The upper limits of the standard permit the debtor to purchase "basic necessities such as food, clothing, housing, and

medical treatment." *In re Johnson*, 400 B.R. 167, 173 (Bankr. M.D. Pa. 2009) However, it does

not allow for "luxury-type expenses." *In re Crawley*, 460 B.R. 421, 436 (Bkrtcy. E.D. Pa. 2011)

(citing *In re Miller*, 409 B.R. 299, 311 (Bankr. E.D. Pa. 2009)). Once the debtor has provided for

his basic necessities, excess financial resources should be used to satisfy student loan debt in lieu

of discretionary expenditures. *Id*. (quoting *In re Johnson*, 400 B.R. at 173).

Plaintiff's *pro se* Complaint indicates his annual income for 2018 and 2019 was under

$2,000 in each year. Plaintiff's Complaint did not specify his expenses. However, assuming the

Complaint is an accurate representation of Plaintiff's total income, this would almost certainly

satisfy the first prong even absent a showing of his expenses.

The standard for the second prong has been deemed quite high. *In re Brightful*, 267 F.3d

at 328. It is not enough to prove current financial difficulties, rather the debtor must prove "a

total incapacity...in the future to pay [her] debts for reasons not within [her] control." *Id*. (quoting

*In re Brunner*, 46 B.R. 752, 758 (S.D.N.Y. 1981)). The "undue hardship" exception is to be

evoked only in exceptional cases. *Id*. Emotional and psychiatric problems can be exceptional if it

can be proven that such conditions prevent the individual from being gainfully employed. *Id*.

In *Kunznicki*, the debtor did not satisfy this prong because he "merely stated that he has

mental disorders, including depression, and that he has trouble concentrating and thus, is not able

to have a job." *Kuznicki v. Educ. Credit Mgmt. Corp. (In re Kuznicki)*, Nos. 11-20563-BM, 11-

02076-BM, 2012 Bankr. LEXIS 605, at *11 (Bankr. W.D. Pa. Feb. 21, 2012). The debtor in

*Kunznicki* also "failed to prove how these problems prevent him from working." *Id*.

Plaintiff in the instant case failed to meet his burden on this prong for similar reasons.

"While we do not mean to diminish the severity of the Debtor's alleged mental issues, there is

simply no evidence regarding the severity of the problem." *Id*. at *11, 12. Plaintiff merely states

that he has "medical problems which prevent" him from obtaining employment. *See* ECF No. 1. Plaintiff attached discharge papers as exhibits to his Complaint which indicates that he suffers from paranoia, isolation, and schizophrenia. *See id.* While schizophrenia in particular is a serious mental illness that can have disabling effects, the Court cannot connect this mental illness to Plaintiff's inability to work without the Plaintiff providing details showing seriousness and impact on work. As in *Kunznicki*, Plaintiff here has failed to plead the severity of these disorders and how they prevent him from working.

Thus, Plaintiff has failed to plead facts sufficient to meet his burden on the second prong of the *Brunner* test. Because Plaintiff has not satisfied the second prong, this Court need not consider whether the debtor has made a good faith effort to repay the loans.

## V.     FUTILITY OF AMENDMENT

The Court should give plaintiffs leave to amend their complaint where justice so requires. Fed. R. Civ. P. 15(a)(2). However, where amendment would be futile, denial of leave to amend is appropriate. *See Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007). Here, the Court will not grant Plaintiff leave to amend his Complaint at this time because amendment would not cure the fatal procedural deficiencies. While it is plausible—or even likely—that, in an amended complaint, the Plaintiff could plead facts sufficient to satisfy all prongs of the *Brunner* test, this would not address the much larger issue—that Plaintiff is seeking to discharge his student loans without first filing for bankruptcy.

Therefore, the Plaintiff will only be permitted to file an amended complaint after first filing for bankruptcy. In addition to alleging that he has filed for bankruptcy, in any amended complaint the Plaintiff should include facts addressing the three *Brunner* factors: (1) whether the Plaintiff can maintain a "minimal" standard of living if forced to repay the loans; (2) the

circumstances related to the Plaintiff's disabling conditions that make him unable to work and which will last for the repayment period for his student loans; and (3) whether the Plaintiff has made a good faith effort to repay his loans.

## VI.      CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's Motion to Dismiss. An appropriate order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**